RAMÓN A. RAMÍREZ FUENTES y CARMEN RAMÍREZ GRAU, demandantes y apelados, *v.* CONSUELO CAMUÑAS BIRD, demandada y apelante.

No. 5654.—*Sometido:* Marzo 11, 1932.—*Resuelto:* Noviembre 28, 1932.

*E. H. F. Dottin,* abogado de la apelante; *S. Medina,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Esta demanda se inició por R. A. Ramírez y Carmen Ramírez en reclamación de *homestead.* Se alegó que los demandantes son mayores de edad, viudo el primero y soltera la segunda; que la demandada es mayor de edad y propietaria; que los demandantes fueron dueños hasta mayo 28, 1928, de un solar con una casa de madera de dos plantas que se describe en forma; que vivieron en dicha finca como dueños desde la construcción de la casa consecutivamente por espacio de ocho años hasta junio 1, 1928, en que la desocuparon a virtud de requerimiento judicial; que no tenían antes ni después otras propiedades; que su deseo constante y expreso fué y es tener constituído su hogar seguro (*homestead*) sobre dicha finca, hasta el valor de $500 de acuerdo con la

ley sobre la materia de 1903; que la casa y el solar fueron embargados por la demandada en pleito que siguiera contra ellos en cobro de pesos, y adjudicándoseles en pública subasta a la misma para satisfacer la sentencia dictada en dicho pleito; que la demandada les debe por su derecho de hogar seguro la suma de $500, por cuya cantidad solicitan sentencia en contra de la demandada, con costas. La demanda está jurada.

La demandada excepcionó la demanda alegando que no aducía hechos suficientes para determinar una causa de acción. Señalado día para la vista de la excepción, la demandada faltó en comparecer y la corte la declaró sin lugar.

Contestó la demandada. Admitió todos los hechos relativos a la propiedad de la finca por parte de los demandantes y al pleito seguido contra ellos en cobro de dinero y a la adjudicación de la finca en pago de la sentencia, y negó los demás. Aceptó que los demandantes vivían en la planta alta de la casa al ejecutarse la sentencia y que la desalojaron al ser requeridos para ello, pero sin protesta. Alegó como defensa que ha sido informada que los demandantes tomaron a préstamo en el Banco Popular $1,500 para ser utilizados en la construcción de la planta alta de la casa, y no pudiendo pagar su deuda y sus intereses, tomaron para ello prestado a la demandada $1,700, que fueron los que la demandada les cobró en el pleito. Como otra defensa alegó que hallándose los demandantes en mala posición le rogaron que les permitiera segregar y vender al municipio una faja de 48 metros cuadrados del solar y la demandada accedió cancelando la hipoteca que tenía en garantía de su crédito sobre la dicha faja, percibiendo los demandantes $240 como precio de la venta. Que la finca se vendió en pública subasta en pleito seguido en cobro de $1,700 de principal, intereses y costas, y se adjudicó a la demandada por $900 porque ni los demandantes, ni licitador alguno mejoró su oferta. Como última defensa alega la demandada que los demandantes no tienen derecho alguno al *homestead* sobre la referida finca, ni la

casa reunía las condiciones requeridas por la ley, pues a la fecha del préstamo su planta baja estaba destinada a establecimiento público.

Así las cosas, se señaló el juicio para el 11 de junio de 1930. Comparecieron los demandantes pero no la demandada, y los demandantes practicaron su prueba. Pidió la demandada que se dejara sin efecto el juicio alegando razones tendentes a justificar su falta en comparecer. No accedió la corte, pero dió a la demandada una nueva oportunidad para practicar su prueba.

Sometido finalmente el caso a la decisión de la corte, lo falló en contra de la demandada. Después de un detenido estudio de los autos y de los alegatos, creemos que no es posible confirmar la sentencia recurrida. A nuestro juicio la demanda no aduce hechos suficientes para determinar una causa de acción. La misma corte sentenciadora así lo reconoce, pero dice que cuando se hizo la alegación, ya se había practicado la prueba con respecto a la condición de jefe de familia del demandante.

██ Sabemos que la excepción se formuló previamente y el solo hecho de la falta de comparecencia de la demandada, no era bastante para declararla sin lugar. Debió prosperar. Pero aceptando que los demandantes hubieran tenido derecho a enmendar su demanda como de hecho la enmendaron luego al practicar su prueba y partiendo de la base que forman la demanda completada por la prueba, aun así, opinamos que apreciada todas las circunstancias concurrentes, la demanda no puede prosperar.

Aceptamos la jurisprudencia que cita el juez sentenciador en su opinión, 13 R.C.L. 552 (12). Sería decisiva en un caso apropiado, mas no en éste. Analizada toda la prueba, se encuentra que es fuerte en verdad en el sentido de que el dinero tomado a préstamo a la demandada se empleó directa o indirectamente en terminar y mejorar la casa en cuestión. Véase cómo declaró en el juicio el propio demandante interrogado por la parte demandada:

"P. ¿Cuando usted hipotecó esa finca al Banco, la casa cómo estaba, de uno o de dos pisos?—R. De un solo piso cuando la hipoteque al Banco Popular.—P. ¿Y ese segundo piso lo levantó usted después de tomado el dinero al Banco?—R. Después de tomado el dinero al Banco, y antes de hacer la hipoteca de la señorita Camuñas.—P. ¿Con qué dinero entonces levantó usted el segundo piso de la casa?—R. Voy a decir ahora, que es un secreto, pero lo voy a confiar ahora. Mi señora era muy dada a la economía, y cuando ella murió, buscando yo una llave que se había perdido, había un cajoncito, y empecé a buscar en él y encontré que mi señora tenía quinientos pesos economizados; y con esos quinientos pesos y doscientos cincuenta más que yo tenía, levantamos el segundo piso, a raíz de haber ella fallecido.—P. ¿Después que usted había cogido el préstamo al Banco? —R. Sí, señor.—P. ¿Y de ese préstamo al Banco, usted no empleó ni un centavo en la casa?—R. Sí, tuve que emplear, en la cerca que se había venido abajo con el tiempo, y tuve que hacer una división para la botica y cubrir otros gastos más de la casa que tuve que hacer.— P. ¿De modo que cuando usted tomó los $1,500.00 al Banco no era para levantar el segundo piso de la finca, verdad? ¿Usted no pidió esos $1,500.00 al Banco para levantar el segundo piso de la casa, verdad? R. Los tomé para pagarle al señor Rodríguez los $1,200.00 de la hipoteca.—P. ¿Y los $1,200.00 del señor Rodríguez de la hipoteca, de qué eran?—R. Esos fueron los primeros que yo empleé en la casa. —P. ¿Usted empleó esos $1,200.00 de Rodríguez en fabricar la casa? —R. En fabricarla no, en mejorar la casa, porque cuando yo la compré ya estaba empezada a fabricar; tenía el piso, tenía el techo, y tenía tres tabiques de la casa, y de ahí en adelante seguí yo; y esos $1,200.00 de Rodríguez los empleé en la casa.—P. ¿En terminar la primera planta?—R. En terminar todo lo que necesitaba para meterme en la casa."

Siendo ello así, tenemos que los primeros $1,200 tomados a préstamo se emplearon en la casa, en terminar su primer piso, los $1,500 tomados luego al banco en pagar los $1,200 que se debían, y en "la cerca", en "hacer una división para la botica" y en "cubrir otros gastos más de la casa", y los $1,700 tomados a la demandada en pagar los $1,500 al banco.

Por lo menos contra esa suma de $1,500 empleada en mejoras no cabe alegar la exención del *homestead* de acuerdo con lo dispuesto en la sección primera de la ley creadora del derecho, Comp. 1911 p. 230, y como los $200 restantes están

más que compensados por los $240 que los demandantes percibieron a virtud de la venta de la faja de terreno del solar al municipio, ni en ley ni en equidad procede su reclamación.

Otras circunstancias concurren que también podrían invocarse para sostener la anterior conclusión, pero lo dicho es suficiente.

*Debe revocarse la sentencia apelada y en su lugar dictarse otra declarando la demanda sin lugar, sin especial condenación de costas.*

El Juez Asociado Señor Hutchison está conforme con el resultado.

El Juez Asociado Señor Córdova Dávila no intervino.